# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| vs. ) | Criminal No. 2:05-141-RMG |
| ) | |
| Jadrain Brandon Small, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |

This matter comes before the Court for a reduction in the term of supervised release pursuant to the First Step Act of 2018. (Dkt. No. 78). Defendant further argues that his term of supervised release should be reduced because the sentencing court improperly considered certain predicate offenses for an § 851 enhancement. The Government filed a response supporting a reduction in the term of supervised release on the basis of the First Step Act, but opposing any reduction based on a challenge to the § 851 enhancement. (Dkt. No. 89).

By way of background, the Defendant pled guilty to Possession with the Intent to Distribute Cocaine Base ("Crack Cocaine") and to Using a Firearm During and in Relation to a Drug Trafficking Crime. He was sentenced by the Honorable Michael Duffy on September 13, 2005 to 180 months of incarceration followed by 8 years of supervised release. (Dkt. No. 32). Defendant has completed his sentence of incarceration and now seeks a reduction in his term of supervised release.

After receiving Defendant's motion under the First Step Act, the Probation Office prepared a Sentence Reduction Report indicating that Defendant's statutory range for his term of supervised release under his counts of conviction was reduced by the First Step Act from 8 to 6

1

years. (Dkt. No. 88). The Government has requested the Court to reduce Defendant's term of supervised release from 8 to 6 years. (Dkt. No. 89).

The First Step Act authorizes a reduction in sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time a defendant committed the covered offenses. This does not authorize a *de novo* sentencing. *See United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019); *United States v. Blocker*, C.A. No. 3:07-466-CMC, 2019 WL 3976294, at *3 (D.S.C. Aug. 22, 2019). Applying this methodology, Defendant's statutory range for supervised release has been reduced by the First Step Act from 8 years to Life, to 6 years to Life. (Dkt. No. 88).

Once the Court has determined the statutory maximum and the new guideline, it may then consider the statutory factors under 18 U.S.C. § 3553(a) to impose a sentence that is "sufficient but not greater than necessary." The Court has carefully weighed each of those factors in light of the record before the Court and has concluded that a reduction in the term of supervised release from 8 years to 6 years is the appropriate and reasonable sentence in this matter.

Defendant also urges the Court to grant a full resentencing, at which he may argue that he is no longer subject to enhanced penalties based on prior convictions under § 851. The Court disagrees that Defendant is entitled to a new sentencing or reconsideration of the application of the § 851 enhancement. The First Step Act does not provide for a full resentencing, but permits only a reduced sentence as if the Fair Sentencing Act was in effect at the time the covered offense was committed. The First Step Act contemplates a recalculation of Defendant's sentence under the terms of the Fair Sentencing Act and a possible reduction if warranted. *United States*

2

*v. Carrie*, C.A. No. 3:09-930-04-CMC, 2019 WL 3493832 (D.S.C. Aug. 1, 2019). Defendant's motion to reduce the term of supervised release by eliminating the § 851 enhancement is denied.

Therefore, having calculated and considered the advisory sentencing guidelines, the relevant statutory sentencing factors under 18 U.S.C. § 3553(a), the recently adopted provisions of the First Step Act, and the full record in this matter, it is the judgment of the Court that Defendant's term of supervised release is hereby reduced from 8 years, to 6 years. All other provisions related to Defendant's original sentence (Dkt. No. 32) shall remain the same.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

March 11, 2020
Charleston, South Carolina